UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| MELISSA SMITH, | |
|     Plaintiff, | CIVIL ACTION NO. <u>5:20-cv-33-TBR</u> |
| v. | JURY TRIAL DEMANDED |
| FOOD MASTER LLC, a domestic limited liability company, and MAJED ALMANHA, individually, | |
|     Defendants. | |

## COMPLAINT

Plaintiff Melissa Smith ("Plaintiff") brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1.    Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2.    The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3.    Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4.      The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707–08 (1945).

5.      To the extent any partial payments have been made by Defendants to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6.      The Defendants in this case, Food Master LLC and Majed Almanha, violated the FLSA by failing to pay Plaintiff time and one half for all of her hours worked over forty (40) each week.

## PARTIES

7.      Food Master LLC d/b/a Duff's Market is a grocery store with multiple locations.

8.      Defendant Majed Almanha is an individual residing in the Commonwealth of Kentucky, who is the sole member of Food Master LLC. At all times material hereto, Defendant Almanha regularly oversaw the day-to-day operations of Duff's Market and exercised the authority to: (a) hire and fire employees of Food Master LLC; (b) determine the work schedules for the employees of Food Master LLC; and (c) control the finances and operations of Food Master LLC.

9.      Defendant Almanha is an employer as defined by 29 U.S.C. § 201 *et seq.*, in that he acted, directly or indirectly, in the interests of Food Master LLC toward Plaintiff.

10.     Defendants employed Plaintiff from March 1, 2018 until May 10, 2019.

11.     Plaintiff worked primarily in Defendants' store located at 8092 US-62, Cunningham, KY 42035

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

13.     Venue is proper in the Western District of Kentucky because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants' principal place of business is located in this District.  In particular, Defendants' principal place of business is located at 649 N. 8th Street, Paducah, Kentucky 42001.

## COVERAGE

14.     At all material times during the last three years, Defendants were an "enterprise" covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

15.     At all material times during the last three years, Defendants were an "employer" as defined by 29 U.S.C. § 203(d).

16.     At all material times during the last three years, Defendants' had had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17.     At all material times during the last three years, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a.     Engaged in commerce; or

    b.     Engaged in the production of goods for commerce; or

    c.   Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, telephones, equipment and/or office supplies).

18.    At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that she:

    a.    Operated instrumentalities of commerce;

    b.    Transported goods in commerce;

    c.    Used channels of commerce;

    d.    Communicated across state lines; and/or

    e.    Performed work essential to any of the preceding activities.

19.    At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## FACTUAL ALLEGATIONS

20.    Defendants, Food Master LLC and Majed Almanha, have a common pay policy and/or pay practice which fails to pay certain non-exempt employees at a rate of time and one-half their regular rate of pay for hours worked in excess of forty (40) per week.

21.    Plaintiff was hired in March 2018 at an hourly rate of $12.00. In her position, Plaintiff reported directly to the sole member of Food Masters LLC, Majed Almanha.

22.     Plaintiff typically worked from 5:30 a.m. to 5:30 p.m. Monday through Friday. Plaintiff also worked on Saturdays or Sundays when needed.

23.    In her position, Plaintiff's job duties included preparing payroll, sending payroll to Mr. Almanha, completing invoices, and delivering payroll payments to each store.

24.    Plaintiff's job duties did not include exempt work.

25.     Defendants improperly misclassified Plaintiff as exempt from overtime.

26.     Defendant failed to record all of the hours worked by Plaintiff.

27.     Plaintiff routinely worked in excess of forty (40) hours per week as part of her regular job duties.

28.     In fact, the scheduled hours required to be worked by Plaintiff resulted in a total of more than forty (40) hours per workweek.

29.     Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff overtime compensation at a rate of time and a half of her regular rate of pay for hours worked over forty (40) in a workweek.

30.     Upon information and belief, Defendants had/have a company-wide policy of failing to pay certain non-exempt employees proper overtime compensation for all of their overtime hours worked.

31.     Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and those similarly-situated to her.

32.     Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

33.     Defendants have acted willfully in failing to pay Plaintiff, and those similarly-situated to her, in accordance with the law.

### <u>COUNT I - RECOVERY OF OVERTIME COMPENSATION</u>

34.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1–33 above.

5

35.     Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) per workweek.

36.     Defendants misclassified Plaintiff as exempt from overtime compensation.

37.     During her employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for same.

38.     As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly-situated to her, time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

39.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

40.     Plaintiff is entitled to recover attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands judgment against Defendant for:

a)  The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by her for which Defendants did not properly compensate her;

b)  Liquidated damages;

c)  Reasonable attorneys' fees and costs incurred in this action;

d)  Pre- and post-judgment interest as provided by law;

e)  Trial by jury on all issues so triable;

f)  Any and all further relief that this Court determines to be appropriate.

6

Dated: February 12, 2020                    Respectfully submitted,


                                            *s/J. Corey Asay*
                                            J. Corey Asay
                                            Morgan & Morgan, P.A.
                                            333 W. Vine Street, Suite 1200
                                            Lexington, KY 40507
                                            Telephone: 859-286-8368
                                            Facsimile:  859-286-8384
                                            Email:      CAsay@forthepeople.com

                                            *Attorney for Plaintiff*